UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| YUSUF DIXON,<br><br>                              Plaintiff,<br><br>            -against-<br><br>JOSEPH BIDEN; KAMALA HARRIS;<br>ALEJANDRO MAYORKAS; ERIC ADAMS;<br>KEECHANT L. SEWELL,<br><br>                              Defendants. | 23-CV-0226 (LTS)<br><br>ORDER OF DISMISSAL |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is appearing *pro se*, brings this action invoking the Securing the Protection of Our Enduring and Established Constitutional Heritage Act (SPEECH Act), 28 U.S.C. § 4101, and federal criminal statutes.[1] By order dated January 11, 2023, the Court granted Plaintiff's request to proceed *in forma pauperis* (IFP), that is, without prepayment of fees.

The Court dismisses the complaint for the reasons set forth below.

## STANDARD OF REVIEW

The Court must dismiss an *in forma pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must

---

[1] On the same day that Plaintiff filed this suit, he brought two others. *See Dixon v. Wing*, No. 23-CV-0227 (LTS) (S.D.N.Y. Jan. 11, 2023) (claims against individuals affiliated with Shoprite Supermarket's headquarters in New Jersey); *Dixon v. Jenkins*, No. 23-CV-0225 (S.D.N.Y.). Plaintiff also has another recently filed action pending. *See Dixon v. Raymat*, No. 22-CV-10910 (S.D.N.Y.).

also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

A claim is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989), *abrogated on other grounds by Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007); *see also Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (holding that "finding of factual frivolousness is appropriate when the facts alleged rise to the

2

level of the irrational or the wholly incredible"); *Livingston*, 141 F.3d at 437 ("[A]n action is 'frivolous' when either: (1) the factual contentions are clearly baseless . . . ; or (2) the claim is based on an indisputably meritless legal theory.") (internal quotation marks and citation omitted).

## BACKGROUND

Plaintiff Yusuf Dixon alleges that his claims arose on September 29, 2020, and "multiple other dates." (ECF 2 at 5.) He states that his claims arose during the "Presidential debate '2020,' [and] shelter systems." (*Id.*)

Plaintiff brings this suit against President Joseph Biden, Vice President Kamala Harris, Department of Homeland Security (DHS) Secretary Alejandro Mayorkas, and New York City Mayor Eric Adams. The facts alleged in the complaint are as follows:

> Defamation of character 28 U.S. Code 4101 Conspiracy to murder 18 U.S. Code § 1117 Interfering with Agency Funtions 36 CFR § 2.32 (Dealings in obcenne mather) 18 U.S.C. § 371 conspiracy to Defraud the United States 18 U.S.C. § 242. Deprivation of rights under color of law
>
> Conspiring with People, companys, Police, and other Government officials, to cause bodily harm, and has a result people got hurt.
>
> They are interFering in Family court, criminal court, D.S.S, C.P.S. Shelter and the United State's Corporation. And with this conspiracy D.H.S., And all shelter are not letting me stay, so I'm having to live in the streets luckily I have a gym membership and storage, so I can stay clean. 18 U.S. Code § 2381 = Treason Obstructing or impairing legitimate Government Activity 18 U.S.C

(*Id.* at 6.)[2] Plaintiff seeks damages, a "full investigation" and to be moved, with his child, to safety. (*Id.*)

---

[2] All spelling and punctuation in the quoted excerpt is from the original. The Court also notes that most of the allegations that Plaintiff brings here against President Joseph Biden, Vice President Kamala Harris, Department of Homeland Security Secretary Alejandro Mayorkas, and New York City Mayor Eric Adams are identical to those that Plaintiff brings against Shoprite corporate officials in *Dixon v. Wing*, No. 23-CV-0227 (LTS).

## DISCUSSION

Even when the complaint is read with the "special solicitude" due *pro se* pleadings, *Triestman*, 470 F.3d at 475, the Court concludes that there is no legal theory on which Plaintiff can rely, *see Denton*, 504 U.S. at 33; *Livingston*, 141 F.3d at 437.

Plaintiff invokes the SPEECH Act, 28 U.S.C. § 4101, which precludes enforcement of certain foreign defamation judgments. *See, e.g., Hyman v. Mashantucket Pequot Indian Tribe of Connecticut*, No. 3:21-CV-00459 (KAD), 2022 WL 2078187, at *4 (D. Conn. June 9, 2022) (holding that the SPEECH Act "addresses the use of foreign defamation judgments to chill free speech"). Plaintiff's complaint does not plead any facts implicating this federal statute, and his claims thus do not arise under Section 4101.

Plaintiff alleges that he is not being permitted to stay in "all shelter[s]" (ECF 2 at 6), and he provides a mailing address for himself in New York. Plaintiff has named New York City Mayor Eric Adams as a defendant, and the complaint might be liberally construed as alleging that Plaintiff has been denied access to a shelter for homeless individuals in New York City.

Even if the Court were to construe these allegations as a claim under 42 U.S.C. § 1983 against Mayor Adams, the allegations would not state an individual-capacity claim against Mayor Adams because Plaintiff does not allege that Mayor Adams was personally involved. *Spavone v. N.Y. State Dep't of Corr. Serv.*, 719 F.3d 127, 135 (2d Cir. 2013) ("It is well settled in this Circuit that personal involvement of defendants in the alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.") (internal quotation marks omitted).[3] These allegations also fail to state an official-capacity claim against the New York City Mayor under

---

[3] Plaintiff also does not allege any facts suggesting that President Joe Biden, Vice President Kamala Harris, or Secretary Alejandro Mayorkas were personally involved in violating his rights.

Section 1983 because there are no allegations that Plaintiff was denied shelter pursuant to any policy, practice, or custom of the City of New York. *See Nassau County Emp. "L" v. County of Nassau*, 345 F.Supp.2d 293, 298 (E.D.N.Y. 2004) ( "A claim against a municipal employee in his or her official capacity may be treated as an action against the municipality itself" (citing *Hafer v. Melo*, 502 U.S. 21, 25 (1991));*Connick v. Thompson,* 563 U.S. 51, 60 (2011) (holding that a Section 1983 plaintiff must show that the municipality itself caused the violation of the plaintiff's rights).

Finally, Plaintiff cannot initiate the prosecution of federal charges against an individual in this Court because "the decision to prosecute is solely within the discretion of the prosecutor." *Leeke v. Timmerman*, 454 U.S. 83, 87 (1981). Plaintiff also cannot obtain an order directing prosecuting attorneys to initiate a criminal proceeding against Defendants, because prosecutors possess discretionary authority to bring criminal actions, and they are "immune from control or interference by citizen or court." *Conn. Action Now, Inc. v. Roberts Plating Co.*, 457 F.2d 81, 87 (2d Cir. 1972).

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Plaintiff's claims, with the exception of a possible claim relating to the denial of shelter, are frivolous, and the Court declines to grant Plaintiff leave to amend to replead these claims. *See* 28 U.S.C. § 1915(e)(2)(B)(i). Because it not clear whether Plaintiff even intends to make a claim about the denial of shelter, the Court dismisses this claim without prejudice to his bringing such an action.

## CONCLUSION

Any claim that Plaintiff may be making about the denial of shelter is dismissed without prejudice to his repleading it in a new action. The remaining claims in Plaintiff's complaint are dismissed as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to enter judgment in this action.

SO ORDERED.

Dated: January 13, 2023
New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge